DAVIS v. CASON, commissioner, *et al., et vice versa.*

RUSSELL, Chief Justice. A quo warranto proceeding instituted against the tax-commissioner of Pierce County resulted in a verdict and judgment removing the respondent from office. A motion for new trial was overruled, and he excepted. By cross-bill of exceptions the relator assigned error on specified rulings of the court. A supersedeas of the judgment until this court should pass upon the case was granted. It being suggested to this court that the plaintiff in error in the main bill of exceptions resigned his office after the writs of error reached this court, and that the resignation had been accepted, a rule nisi was issued, calling on the parties to show cause why the cases should not be dismissed as moot. In response to this rule counsel for the plaintiff in error in the main bill of exceptions says: "The fact that he has resigned from the office should not bar him from the right of having

this honorable court pass on the question of whether or not the judgment in this case providing for plaintiff's removal from office is absolutely void for lack of jurisdiction, as plaintiff in error contends in this case. While it is true that his resignation disposes with [of] the question of his property rights to the office and the salary connected therewith, it still leaves in the case the issue paramount to all the others, —this man's character and reputation, A judgment of any court which takes these things away from a man should be valid in every respect. Aside from this, in a material way the plaintiff in error is entitled to have his case considered, because, if his contention is correct that the judgment is void, he is entitled to be relieved from paying the costs in the court below as well as in this court." No response to the rule nisi was made by the plaintiff in error in the cross-bill of exceptions. *Held*:

1. It appearing without dispute that the questions made by the bills of exceptions and the record have become moot by the resignation of the plaintiff in error from the office from which he was ousted by the judgment complained of, and that his resignation has been accepted, the case is moot.
2. This court will not retain and decide a case merely for the purpose of fixing liability for costs.
3. No affirmative relief being prayed in the cross-bill of exceptions, the dismissal of the main bill results in the dismissal of the writ of error on the cross-bill. *Writs of error dismissed. All the Justices concur.*

Nos. 12002, 12005. JANUARY 12, 1938.

*C. A. Williams* and *S. Thomas Memory,* for plaintiff in error.
*Memory & Memory,* contra.